SUNGHO PARK,

  *Plaintiff*,

  v.

PRYNT CORPORATION and CLEMENT PERROT,

  *Defendants.*

Civil Action No. 18-14474

ORDER

**THIS MATTER** comes before the Court by way of Plaintiff Sungho Park's ("Park") unopposed application for an entry of default judgment[1] pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 6, against Defendants Prynt Corporation ("Prynt") and Clement Perrot ("Perrot," or, together with Prynt, "Defendants");

and it appearing that this action arises out of a breach of an agreement between Prynt, a supplier of portable printing devices, and Park, a business executive and distributor of those devices, see Compl. ¶¶ 5-33; Park Decl. ¶¶ 3-15, ECF No. 6.2;

and it appearing that in November or December 2016, Perrot offered Plaintiff an exclusive distributorship for the territory of South Korea, which was subsequently confirmed via email on or about August 11, 2017, see Compl. ¶¶ 7-8; ECF No. 6.4 at 1 ("We gave you exclusivity for that market");

and it appearing that, after this agreement, Plaintiff organized an entity called MCNS Co., LTD ("MCNS") to distribute Prynt products in South Korea and incurred business expenses

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

including hiring staff, creating a website, and undertaking marketing activities, Compl. ¶¶ 10, 12-13;

and it appearing that Prynt and MCNS entered a written agreement in June 2017, wherein Prynt agreed to supply products to MCNS, and Prynt never supplied those products, Compl. ¶ 11; Park Decl. ¶ 7;

and it appearing that in March 2018, Defendants told Plaintiff that they had contracted with another entity to distribute Prynt products in South Korea, thereby terminating Plaintiff's exclusivity in that country, Compl ¶¶ 14-15;

and it appearing that Plaintiff incurred $329,400 in costs for his work under the Prynt contract, as calculated based on the number of hours he worked times his hourly rate, see ECF No. 6.5;

and it appearing that on October 1, 2018, Plaintiff filed a Complaint against Defendants, asserting claims of fraud in the inducement of the contract, breach of the exclusivity term of the contract, breach of the covenant of good faith and fair dealing, and unjust enrichment, Compl. ¶¶ 20-33.

and it appearing that Defendants have failed to answer the Complaint or otherwise respond as of the date of this Order;

and it appearing that Plaintiff filed the present Motion for Default Judgment seeking judgment against Defendants;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects service upon all Defendants, ECF Nos. 4, 5;

and it appearing that a district court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has diversity jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, see Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015); Compl. ¶¶ 1-4;

and it appearing that Defendants are subject to personal jurisdiction in this case because they continuously and systematically engage in business in New Jersey, Compl. ¶¶ 2-3; see Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007);

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that in order to establish a claim of fraudulent inducement under New Jersey law, a plaintiff must show: "(1) a material representation of a presently existing or past fact; (2) made with knowledge of its falsity; and (3) with the intention that the other party rely thereon; (4) resulting in reliance by that party; (5) to his detriment." RNC Systems, Inc. v. Modern Technology Group, Inc., 861 F. Supp. 2d 436, 451 (D.N.J. 2012);

and it appearing that Plaintiff sufficiently pled that Defendants represented that Plaintiff would be the exclusive distributor in South Korea; that such an exclusivity term would be material to the contract; that Defendants intended Plaintiff to rely on that term; that Plaintiff did in fact rely on that term; and that Plaintiff suffered damages, Compl. ¶¶ 20-26; ECF No. 6.5;

and it appearing that in order to establish a breach of contract claim under New Jersey law, a plaintiff must show that: (1) that the parties entered into a valid contract; (2) that the defendant failed to perform its contractual obligation; and (3) that the plaintiff suffered damages as a result of the breach, Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013);

and it appearing that Plaintiff has alleged that the parties entered into a valid contract in June 2017 and that Prynt never honored that contract by refusing to fill the ordered products, causing damages, Park Decl. ¶ 7;

and it appearing that every contract in New Jersey contains an implied covenant of good faith and fair dealing, which provides that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract," Fields v. Thompson Printing Co., 363 F.3d 259, 270 (3d Cir. 2004);

and it appearing that Plaintiff has demonstrated that Prynt's failure to fill the order contracted for under the June 2017 agreement would undermine or injure Plaintiff's rights under the contract;

and it appearing that a cause of action for unjust enrichment under New Jersey law requires proof that "defendant received a benefit and that retention of that benefit without payment would be unjust," VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994);

and it appearing that Plaintiff has demonstrated that Plaintiff's actions to market Prynt products in South Korea has conferred a benefit on Defendants, and Defendants have not compensated Plaintiffs for that benefit under circumstances that would be unjust;

4

and it appearing that as to damages, Plaintiff has only alleged that "[f]air and reasonable compensation is to base it upon an hourly rate for someone in his situation," which, in this instance, would be $329,400 for 549 hours of work, ECF No. 6.1 at 8; Park Decl. ¶ 15;

And it appearing that such damages do not reasonably result from the causes of action asserted;

**IT IS** on this 30th day of September, 2019;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 6, is hereby **DENIED**, without prejudice, and any renewed motion shall explain, via affidavit, the damages resulting from the causes of action asserted.


*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**